FILED
CLERK, U.S. DISTRICT COURT
11/03/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: HC DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

VLADIMIR FLORES BASURTO,

Defendant.

Case No. 2:21-mj-03882

**ORDER OF DETENTION**

On November 3, 2021, Defendant Vladimir Flores Basurto made his initial appearance on the Complaint filed in this matter. Deputy Federal Public Defender Howard Shneider was appointed to represent Defendant.

A detention hearing was held.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will

reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

The Court finds that no condition or combination of conditions will reasonably assure:

    ☒ the appearance of the defendant as required.

    ☒ the safety of any person or the community.

The Court has considered the following:

(a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(b) the weight of evidence against the defendant;

(c) the history and characteristics of the defendant; and

(d) the nature and seriousness of the danger to any person or the community.

*See* 18 U.S.C. § 3142(g)  The Court also considered all the evidence adduced at the hearing, the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

The Court bases its conclusions on the following:

As to risk of non-appearance:

    ☒ Defendant was born in Mexico, has family ties in Mexico, and is not a United States citizen.

    ☒ Defendant was officially removed from the United States in December 2011 and he returned to the United States following his removal. Thus, Defendant has not demonstrated a willingness to abide by court orders and the Court is not convinced that he will abide by its order to appear for future court appearances if released on bail.  Also, if Defendant is convicted of the charged offense, his prospective penalty supports a finding that release

on bail will pose a flight risk, because he likely would be deported after serving the sentence imposed. The Court finds that, in conjunction with the other factors noted above, this will provide an incentive to flee the jurisdiction.

As to danger to the community:

☒ Defendant was convicted in December 2020 in Los Angeles County Superior Court of felony lewd act upon a child under age 14 and sentenced to 816 days imprisonment followed by five years' probation.

It is therefore ORDERED that Defendant Vladimir Flores Basurto be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. *See* 18 U.S.C. § 3142(i).

Dated: November 3, 2021

PATRICIA DONAHUE

_____
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE